IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Earl R. Johnson, #318291, ) | |
| ) | |
| Petitioner, ) | |
| ) | Civil Action No.: 6:07-cv-3326-SB |
| v. ) | |
| ) | |
| Cecilia Reynolds, Warden KCI, ) | **ORDER** |
| ) | |
| Respondent. ) | |
| _____) | |



This matter is before the Court on the <u>pro se</u> Petitioner's request for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to Local Rule 73.02(B)(2)(a), this matter was referred to United States Magistrate Judge William M. Catoe for preliminary review.

In the Magistrate Judge's Report and Recommendation ("R&R"), filed on October 23, 2006, Magistrate Judge Catoe recommends that the Court dismiss the Petitioner's § 2254 petition without prejudice and without issuance and service of process because the Petitioner has not exhausted his state remedies. Specifically, as Judge Catoe noted, the Petitioner did not file a direct appeal of his conviction and sentence, and he did not appeal the denial of his application for post-conviction relief ("PCR") to the highest state court having jurisdiction over the matter.

On November 6, 2007, the Petitioner filed timely objections to the R&R. <u>See</u> 28 U.S.C. § 636(b)(1) (providing that a party may object, in writing, to an R&R within ten days after being served with a copy of that report). In his objections, the Petitioner asserts that he did not file a direct appeal of his conviction and sentence because his attorney told him that he could not appeal anything. Next, with respect to his failure to appeal the denial of his PCR application, the Petitioner objects that he never received any material stating that

his PCR had been denied.[1] Rather, he asserts that he received a conditional order of dismissal on April 25, 2007, which stated that the "applicant is granted twenty (20) days from the date of service of this Order upon him to show why this Order should not become final . . . ." The Petitioner claims that he wrote to the Honorable Jean Toal, who informed the Petitioner that he needed to respond to the conditional order of dismissal in a timely manner, or he "may be precluded from appealing from the final order." Unfortunately for the Petitioner, it appears that his objections do little to aid his cause; rather, his objections provide further support for the conclusion that he has failed to exhaust his state remedies before bringing this § 2254 petition. Accordingly, the Court agrees with the Magistrate Judge's recommendation, and it is

**ORDERED** that the R&R is adopted, and the Petitioner's § 2254 petition is hereby dismissed without prejudice and without issuance and service of process for failure to exhaust state remedies.

**IT IS SO ORDERED.**

The Honorable Sol Blatt, Jr.
Senior United States District Judge

November 15, 2007
Charleston, South Carolina

---

[1] In his § 2254 petition, the Petitioner states that he filed an application for PCR on December 20, 2006, raising the following ground: "cruel and unusual punishment with respect to disparate treatment of sentencing and punishment." The Petitioner asserts that he has not "yet been dismissed with prejudice on this PCR," but states that he received a conditional order of dismissal on April 25, 2007. Later in his § 2254 petition, the Petitioner states that his PCR application is still pending. The ground raised in the Petitioner's PCR application is the same as the ground raised in the present § 2254 petition.

2